■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DESMOND, Appellant. [734 NYS2d 787] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and petit larceny (Penal Law § 155.25). Defendant contends that Supreme Court erred in denying his suppression motion because the police lacked reasonable suspicion for their initial stop and subsequent detention of defendant. We disagree. Contrary to defendant's contention, the police had the right to stop defendant and request identification, inasmuch as defendant fit the description of the reported "suspicious male" and was carrying a toaster oven (*see, People v De Bour*, 40 NY2d 210, 220). Thereafter, a pat down for weapons was reasonable for the protection of the officer where, as here, the officer was aware that the reported crime was a probable burglary, and defendant matched the description of the suspect and was carrying a toaster oven (*see, People v De Bour, supra,* at 223). The pat down yielded a butter knife in defendant's front pocket, intertwined with jewelry. Seconds later, a witness arrived on the scene and identified defendant as the reported "suspicious male" and, a few minutes later, a second witness also identified defendant. We conclude that the brief detention at the scene was reasonable where, as here, "the police diligently pursued a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly" (*People v Hicks*, 68 NY2d 234, 242). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.